# Paynter, &c. vs Evans.

## ERROR TO THE GREENUP CIRCUIT.

### Chancery jurisdiction.

July 19.

JUDGE BRECK delivered the opinion of the Court.

Where a defence is ample at law against a guarnishee, and he fails to make it without a valid reason; the Chancellor cannot relieve.

IT very satisfactorily appears that before Myers sued out his guarnishee warrant, Evans had assumed to pay Jesse Paynter what he owed David Paynter. Upon the trial, therefore, of that warrant, Evans should have plead and relied upon that fact, and if the defence had been improperly overruled by the Justice, he should have appealed. So also if the judgment upon the guarnishee warrant had been a good defence upon the trial of the warrant of Jesse Paynter, Evans should have plead and relied upon it, and if the decision of the Justice had been erroneous, have appealed from it.

Whether in point of fact, defence was made on the trial of either of the warrants, does not very clearly appear; nor is it material; if made, a Court of equity would not afterwards have jurisdiction. On the other hand, if no defence was attempted, no reason or cause is shown for the failure. So that in either view of the case, as defence before the Justice was ample, and should have been there made, the Court below had no jurisdiction.

It is true it is a hard case upon the complainant to have to pay the same debt twice, but this results from his own neglect and inattention; or from mistaken counsel, and the Chancellor cannot relieve him as to either judgment.

The decree must be reversed and the cause remanded, with directions to dismiss the complainant's bill and dissolve his injunction with damages and costs as to the defendant, Jesse Paynter, as well as to the defendant Myers.

*Davis and Beatty* for plaintiffs.